John G. Wendell vs. Joseph George.

*Assumpsit.*

A party to a negotiable instrument may testify to facts which do not prove it to have been originally void; as payment, &c.

If the witness can neither gain nor lose by the event of the suit, and the verdict in the case cannot be given in evidence either for or against him, he is competent to testify. All other objections go to his credibility.

## By BERRIEN, Judge.

THE present action was founded upon a bill of exchange drawn by defendant upon one John K. Goodman, in favor of John F. Oldershaw & Co., and endorsed by them and by Messrs. Oldershaw & Phillips.

The defendant offered to prove that after the maturity of the bill, the plaintiff had received from the acceptor a part payment, and extended to him with the knowledge and assent of the indorsers, time for the payment of the residue. He proposed to prove these facts by the testimony of John H. Oldershaw, one of the indorsers, which was objected to by the plaintiff, and the proceeding assumed the present form in order that the question raised might be more deliberately considered. The objection is founded on the two following considerations: 1st. That the witness is an indorser of the bill; 2d. That he is interested. The first objection seeks support from the rule laid down in the case of *Walton* and *Shelly*, (1 Term, Rep. 296.) Without considering the authority of that case in the Courts of the State of Georgia, which would necessarily involve a comparison of it, with the subsequent case of *Jordaine* and *Lashbrooke*, (7 Term, Rep. 597,) and render proper an examination of the various decisions upon the point to which those cases refer, in the American Courts of Justice, it suffices to say, that the present objection does not fall within the rule

[Wendell vs. George.]

as originally laid down. The principle there decided is, that, he who has signed a paper, shall not be permitted to give evidence to invalidate it, not that he may not be permitted to prove facts which have occurred after he has signed the bill, as payment, or those circumstances which will operate as a constructive release to the other parties. On the contrary it has been repeatedly ruled that a party to a negotiable instrument may testify to facts, which do not prove it originally void, as payment, &c. The first objection to this evidence cannot therefore be sustained. I am equally clear, that the second must also be overruled. The witness can neither gain nor lose by the event of this suit; whatever may be its result, his liability will remain the same, nor can the verdict in this case ever be given in evidence either for or against him. These are the only true criteria of the interest which excludes a witness from testifying. All beyond this amounts only to an interest in the question, a mere bias, which may effect the credit, but cannot destroy the competency of a witness. But the witness in this case has not even an interest in the question. The testimony offered, was, that the arrangement made by the holder with the acceptor, was with the assent of the indorsers, of whom the witness was one. He is, therefore, by such assent deprived of the benefit of the constructive release, which such arrangement *may* operate in favor of the non-assenting drawer, and consequently has no interest, even, in the question. I speak hypothetically of the effect of this arrangement even in relation to the drawer, for whether it shall operate a release to him cannot be decided, until the whole evidence is adduced, but as the evidence to this particular point may be material, as that which would have gone to prove a part payment, would certainly have been so, and as it has been shewn not to be incompetent on the ground of public policy, or of the individual interest of the witness, it ought to have been admitted. A *venire facias de novo* must therefore be awarded.

For the plaintiff, GEO. GLEN—defendant, MORRISON & NICOLL.